**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                    :         Chapter 7
                                         :
    Michael R. Bressler,             :         Case No. 06-11897 (AJG)
                                         :
    Debtor.                          :
-------------------------------------------------------x

## OPINION DENYING DEBTOR'S MOTION FOR REARGUMENT

Before the Court is the Debtor's Motion for Reargument (the "Motion for Reargument"), pursuant to Local Rule 9023-1(a), of the Order entered by the Court on December 11, 2006 (the "December Order"). The December Order was entered following the hearing held by the Court on December 7, 2006 (the "December Hearing") regarding the motion of Steven Strum (the "Creditor") to extend time to file a complaint under sections 523 and 727 of title 11 of the United States Code (the "Bankruptcy Code").

    Local Bankruptcy Rule 9023-1 provides

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

    Local Bankruptcy Rule 9023-1(a) is derived from Civil Rule 3 of the United States District Court for the Southern District of New York. See *Comment to Local Bankruptcy Rule 9023-1*. Under those rules, the standard applicable to motions for reargument is identical to that applicable to Federal Rule of Civil Procedure 59(e) motions to alter or amend a judgment. See *In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr. S.D.N.Y.

1996); see *Travelers Insur. Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 210 (S.D.N.Y. 1990).

"The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) (quoting Civil Rule 3(j)).  Further, the parties cannot advance new facts or arguments, and may not submit affidavits or new material.  *In re Payroll Express Corp.*, 216 B.R. 713, 716 (S.D.N.Y. 1997).

The Debtor argues that the Court overlooked controlling decisions, which may have altered the Court's decision to grant the Creditor's Motion to Extend Time to file a Complaint Under 727 and 523 (the "Motion to Extend"), in connection with the issues of whether the Creditor demonstrated sufficient cause for an extension and whether the Creditor has failed to comply with Local Bankruptcy Rule 9013-1(b).

### I.    Sufficient Cause for an Extension

The Debtor's first basis for reargument is that the Court failed to consider the factors set forth in *In re Nowinsky*, 291 B.R. 302 (Bankr. S.D.N.Y. 2003).[1]  In the December Hearing, the Debtor argued that the Creditor failed to demonstrate cause for an extension under any factor provided in *Nowinsky*.  In the Motion for Reargument, the

---

[1] In *Nowinsky,* the Court wrote

> Upon timely motion, Fed. R. Bankr. P. 4004(b) authorizes the court to extend the objection deadline for "cause."  "Cause" is not defined, and the determination is committed to the court's discretion.  "Cause" is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's "fresh start."  The factors that inform the court's discretion *include*: (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re Nowinsky*, 291 B.R. at 305 (Emphasis added) (Citations omitted).

2

Debtor argues that the Court overlooked the factors under *Nowinsky* in granting the Motion to Extend, and therefore, the Motion for Reargument should be granted.[2]

In *Nowinsky*, the Court set out several factors to consider when determining whether cause exists for an extension under Federal Rule of Bankruptcy Procedure 4004(b). The Court finds that reargument is not warranted because the Court previously determined, after balancing the *Nowinsky* factors, sufficient cause existed to warrant the extension under Federal Rule of Bankruptcy Procedure 4004(b).

a.  *Sufficient notice of the deadline and the information to file an objection*

The first factor in *Nowinsky* is a determination of whether the creditor had received sufficient notice of the deadline for the expiration of the time to file a complaint.

The Debtor argued that there was no dispute that the Creditor received sufficient notice of the deadline for the expiration of the time to file a complaint. The Court agreed and found that this factor favored the Debtor.

b.  *Complexity of the case*

The second factor in *Nowinsky* is a determination of the complexity of the case.

The Debtor argued that the case was not complex, but offered no support for such a determination. However, the Court found that the allegations at issue regarding Debtor conduct and his management of his financial affairs were sufficiently complex to weigh in favor of granting the extension as sought. Therefore, the Court determined that the factor of complexity favored the Creditor.

c.  *Whether the creditor has exercised diligence*

---

[2] The Debtor argues that the factors set forth in *Nowinsky* are an all-inclusive list. However, the Court notes that although the list of factors in *Nowinsky* provide a comprehensive analytical framework, and certainly sufficient for purposes of the instant matter. There is nothing in *Nowinsky* that would indicate that the court intended that no other factors could be considered.

3

The third factor under *Nowinsky* is a determination whether the Creditor exercised diligence.

The Debtor argued that sufficient cause for an extension did not exist because the Creditor failed to exercise a reasonable degree of diligence. Specifically, the Debtor asserts that the Creditor only exercised diligence with respect to Lila Ayers, Esq. ("Ayers"), a former employee of the Debtor, and failed to examine anyone other than Ayers, including the Debtor himself. However, the Debtor failed to provide the Court with any support showing that the Creditor's failure to directly examine the Debtor under Rule 2004 prior to examining a non-party constituted the failure of the Creditor to exercise a reasonable degree of diligence.

The Creditor maintained that sufficient grounds existed to believe that Ayers had access to or possessed relevant information, including information pertaining to bank accounts in her name that were connected to transactions involving the Debtor and therefore, a 2004 examination of the Debtor is unnecessary.[3] Further, the Creditor asserted that the purpose of deposing Ayers was to take testimony and gather records regarding transfers by the Debtor to Ayers and payments of the Debtor's debts from accounts in Ayers name. The Court takes judicial notice that, prior to the filing of the Debtor's petition, Ayers's initial deposition was scheduled for July 22, 2005 in connection with the state court proceeding. Ayers moved to quash the subpoena and the state court denied Ayers's motion to quash on November 25, 2005, finding that

---

[3] Although the Court declined to hear the Creditor's argument, regarding the alleged intimate nature of any relationship between the Debtor and Ayers, during oral argument on December 7, 2006, the Court found that the Creditor has established a prima facie case through the record of the state court proceedings that a relationship existed between the Debtor and Ayers. Further, the Court found that the existence of a relationship was relevant to the Rule 2004 examination of the financial transactions regarding the accounts at issue to determine whether the Creditor can establish a claim.

4

> After claiming summarily in her moving affidavit that she has had no connection whatever with assets of Defendant/Judgment-Debtor Bressler, Ms. Ayers, having been presented in the opposition papers herein with proof of checks to Bressler which were deposited into her account, fails to satisfactorily explain in her reply what led to the use of her account in the cashing of Bressler's checks. The subpoena seeks only documents relating to assets that were once in Bressler's name. To the extent that movant has none, and has had none, she can comply with the subpoena by simply so stating. To the extent that Bressler's assets were transferred to her, as demonstrated by the opposition papers herein, it is appropriate that she give further proof as to the circumstances.

Subsequently, Ayers failed to appear for the examination and failed to produce the records that were subpoenaed. The Creditor brought a contempt proceeding in state court. Under the Order and Judgment, dated June 12, 2006, the state court found that, "the conduct of said witness Lila Ayers was calculated to and actually did defeat, impair, impeded and prejudice the rights and remedies of petition – judgment creditor Steven Strum." As a result of the contempt proceeding, Ayers was found guilty of contempt, fined and directed to appear and produce the records that were originally subpoenaed on, or before, June 29, 2006. Although Ayers paid the five-hundred dollar fine, she failed to appear for the rescheduled state court examination with the records that were demanded.

Moreover, the record indicated that the Creditor took timely action to subpoena Ayers in connection with the bankruptcy proceeding under Rule 2004 prior to the November 13, 2006 deadline for filing a complaint against the Debtor under sections 523 or 727 of title 11 of the United States Code (the "Bankruptcy Code"). Following Ayers failure to appear for the October 19, 2006 deposition in the bankruptcy proceedings, the Creditor filed a motion asking the Court to find Ayers in contempt and to direct Ayers to comply with the 2004 subpoena. Further, the Court concluded that the evidence to support the allegations made by the Creditor regarding the Debtor's conduct would, if

5

established, support the relief contemplated by the Creditor would be in the possession and control, or known by, Ayers.

Further, the Creditor argued that the deposition of the Debtor would be futile based on allegations that the Debtor had not been truthful in responding to questions at the section 341 meeting held in his case, completing his petition and schedules, and his representation of clients while practicing law in the state of New York.

In support of his argument, the Creditor noted that the Departmental Disciplinary Committee for the First Judicial Department (the "Committee") commenced an investigation of the Debtor after the Committee received complaints from several of the Debtor's clients. *In re Bressler*, 3 A.D.3d 71, 72 (N.Y. App. Div. 2004). The Committee deposed the Debtor and the Debtor admitted that he committed several acts of professional misconduct, including misleading a client into believing that he had commenced an action on the client's behalf, making false statements to a client to conceal that the Debtor had not filed the appropriate paperwork, and neglecting the matters of other clients. *Id.* The Debtor was suspended from the practice of law. *Id* at 73. In a separate proceeding, the Committee moved to accept the Debtor's resignation as an attorney and strike the Debtor's name from the roll of attorneys. *In re Bressler*, 5 A.D.3d 47 (N.Y. App. Div. 2004). The Committee's motion was granted. *Id* at 38.

The Court determined that based on the findings in the state court proceedings, the allegations pertaining to the information possessed or known by Ayers as set forth in the Creditor's application to examine Ayers, the failure of Ayers to appear for the deposition on October 19, 2006, and the investigation of the Debtor based on actions of professional

6

misconduct, the Creditor exercised a reasonable degree of diligence in the pursuit of discovery, and therefore, this factor favored the Creditor.

d.      *Whether the debtor has refused in bad faith to cooperate with the creditor*

The fourth factor in *Nowinsky* is a determination of whether the debtor has refused in bad faith to cooperate with the creditor.

The Debtor argued that sufficient cause did not exist for granting the extension because the Debtor did not refuse, in bad faith, to cooperate with the Creditor. As mentioned above, the Creditor argued that the Debtor had not been truthful in both responding to questions at the section 341 meeting held in his case and in completing his petition and schedules. At the December Hearing, the Court did not reach the issue as to whether the Creditor established bad faith of the Debtor.

However, the Court concluded that, in spite of the Debtor's argument to the contrary, an extension could be granted under *Nowinsky* even if bad faith had not been established. Therefore, the Court concluded that even if the factor of bad faith were ultimately determined in favor of the Debtor, the result would not have changed.

e.      *Collateral Estoppel*

The fifth factor under *Nowinsky* is a determination of whether any proceedings were pending in another forum that would result in collateral estoppel of the relevant issues.

Although the Court was not aware of any such proceedings, the Court remained neutral on the issue as a factor in determining cause because neither party has raised this issue.

7

Therefore, based upon the aforementioned, the Court finds that reargument is not warranted on the grounds that sufficient cause did not exist to grant the extension because the Court previously considered the relevant factors of *Nowinsky* and determined that cause existed to grant such extension.

### II.    Creditor has failed to comply with Local Bankruptcy Rule 9013-1(b)

Moreover, the Debtor argues, for the first time, that the Motion to Extend should have been denied because the Creditor failed to comply with Local Bankruptcy Rule 9013-1(b). The Court finds that because this argument was not raised in the Debtor's Objection to the Motion to Extend Time to file a Complaint Under 727 and 523, the Court will not consider the argument as a basis for reargument under Local Bankruptcy Rule 9023-1(a).

### III.    Conclusion

Therefore, the Court finds that it did not overlook any issue of law or fact in arriving at its previous determination to grant the Motion to Extend that would alter the Court's order.

Accordingly, the Motion for Reargument is DENIED.

The Creditor shall settle an order consistent with this opinion.


Dated: New York, New York
       January 12, 2007

                              **s/Arthur J. Gonzalez**
                              UNITED STATES BANKRUPTCY JUDGE