**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                              :          Chapter 7
                                                   :
    Michael R. Bressler,              :          Case No. 06-11897 (AJG)
                                                   :
    Debtor.                           :
-------------------------------------------------------x

## OPINION AND ORDER DENYING MOTION TO REARGUE

Before the Court is the motion to reargue (the "Motion to Reargue") of Lila Ayers, Esq. ("Ayers"), pursuant to Local Rule 9023-1(a), of the Order entered by the Court on March 8, 2007 (the "March Order"). The March Order was entered following the hearing held by the Court on March 7, 2007 (the "March Hearing") regarding the motion of Ayers for a protective order (the "Protective Order Motion") to limit the scope of discovery by Steven Strum (the "Creditor").

    Local Bankruptcy Rule 9023-1 provides

    A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

    Local Bankruptcy Rule 9023-1(a) is derived from Civil Rule 3 of the United States District Court for the Southern District of New York. See *Comment to Local Bankruptcy Rule 9023-1*. Under those rules, the standard applicable to motions for reargument is identical to that applicable to Federal Rule of Civil Procedure 59(e) motions to alter or amend a judgment. See *In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr. S.D.N.Y.

1996); see *Travelers Insur. Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 210 (S.D.N.Y. 1990).

"The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) (quoting Civil Rule 3(j)). Further, the parties cannot advance new facts or arguments, and may not submit affidavits or new material. *In re Payroll Express Corp.*, 216 B.R. 713, 716 (S.D.N.Y. 1997).

Ayers argues that the Court failed to consider the date of the entry of judgment against Michael R. Bressler (the "Debtor") in its denial of the Protective Order Motion. However, Ayers provides no support for the contention that the date of the entry of judgment serves as a basis for the limitation of discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

Therefore, the Court finds that it did not overlook any issue of law or fact in arriving at its previous determination to deny the Protective Order Motion that would alter the Court's order.

Therefore, for the reasons set forth herein, it is hereby

ORDERED, that the Motion to Reargue is DENIED.

Dated: New York, New York
      March 27, 2007

                                **s/Arthur J. Gonzalez**
                                UNITED STATES BANKRUPTCY JUDGE