| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Not For Publication |
| In re | : | Chapter 7 |
| MICHAEL ROY BRESSLER, | : | Case No. 06-11897 (AJG) |
| Debtor. | : | |
| STEVEN STRUM, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 07-01703 |
| MICHAEL ROY BRESSLER, | : | |
| Defendant. | : | |

**OPINION AND ORDER DENYING DEBTOR'S MOTION TO PRECLUDE STEVEN STRUM FROM FILING A COMPLAINT UNDER SECTIONS 523 AND/OR 727 OF THE BANKRUPTCY CODE**

Before the Court is Michael Bressler's (hereinafter the "Debtor") motion to preclude (the "Motion to Preclude") Steven Strum (the "Creditor") from filing a complaint under sections 523 and/or 727 of title 11 of the United States Code (the "Bankruptcy Code") on the ground that the Creditor failed to either file a complaint or seek an extension of time before the expiration of the deadline for filing a complaint against the Debtor, Tuesday, April 17, 2007 at 5:00 PM. The Debtor filed the Motion to Preclude unaware that the Creditor already filed his complaint. Upon learning of the Creditor's complaint being filed, the Debtor sought alternative relief from the Court. The Debtor requested that the complaint be dismissed for the failure to pay the filing fee and that the Creditor be precluded from refiling his complaint.

In the Motion to Preclude, the Debtor argues that the Creditor's failure to file a timely complaint or, in the alternative, move for an extension of time, serves to bar any complaint the Creditor filed after the deadline. Although no complaint was entered on the ECF docket, the Creditor filed a complaint with the Court on April 17, 2007, at 3:26 PM as evidenced by the timestamp on the complaint. Therefore, although the Debtor may not have been aware of the complaint being filed, the Court finds that the complaint was filed timely and the Motion to Preclude is moot.

In his request for alternative relief, the Debtor argues that even if the Creditor timely filed his complaint, the complaint should be dismissed and the Creditor should be barred from refiling his complaint (the "Motion to Dismiss"). This is because any refiling would be after the April 17, 2007 deadline, referenced above.[1] The Debtor provides the Court with citations to cases that address dismissal for the failure to pay the requisite filing fee. However, all of the cases discussed in the footnote below are either distinguishable from or not factually relevant to the instant matter because unlike the plaintiffs in the cases provided by the Debtor, the Creditor filed his complaint and then, thereafter, paid the requisite filing fee.[2] (The Creditor paid the filing fee on May 14,

---

[1] Because the Court denies the Motion to Dismiss, the Court does not reach the issue of "relation-back" with respect to any subsequent complaint that may have been filed by the Creditor if the Debtor's request to dismiss the complaint was granted.

[2] The first case, *In re Machdanz*, 1994 WL 740457 (Bankr. D. Idaho), is distinguishable from the instant matter because *Machdanz* addresses the issue of whether a debtor's later petition should be dismissed based on the debtor's failure to pay the necessary filing fees in an earlier bankruptcy proceeding, which was dismissed for that failure to pay the necessary fees. The *Machdanz* court held that the earlier dismissal based upon the failure to pay fees did not qualify as a grounds for dismissal and the clerk of court was merely a general unsecured creditor in the later proceeding.

The next two cases cited to by the Debtor, *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003), and *In re Sutton*, 43 B.R. 250 (Bankr. D.Conn. 1984), are also distinguishable from the instant matter. The court in *Cosby* held that dismissal was warranted based upon a prisoner's repeated failure to comply with court orders to make partial monthly payments towards the filing fees. The court in *Sutton* addresses where a debtor fails to pay filing fees pursuant to a court order. The court held that where a debtor filed a motion for an extension of time after the court ordered deadline had passed, the motion was not timely and would only be granted if the debtor was able to show excusable neglect for the failure to pay the filing fees on

2

2007.) The Debtor has failed to provide the Court with any support for the argument that if a party fails to pay the filing fee at the time the complaint is filed, and shortly thereafter pay such fee, that the court should exercise its discretion and dismiss the complaint where (1) there has been no evidence of a lack of good faith, (2) the failure to pay was not part of some strategy, or (3) there was no violation of any court order regarding the nonpayment. Therefore, the Court finds that dismissal of the complaint is not warranted.

In conclusion, the Court finds the relief sought in the Motion to Preclude is moot. Further, the Motion to Dismiss is denied.

Accordingly, for the reasons set forth herein, it is hereby

ORDERED, that the Motion to Preclude and the Motion to Dismiss are DENIED.

Dated: New York, New York
    June 18, 2007

> s/Arthur J. Gonzalez
> UNITED STATES BANKRUPTCY JUDGE

---

time. Unlike *Cosby* and *Sutton*, the Creditor in the instant matter paid the requisite fee and no such court order was necessary.

The last case, *Taylor v. Delatoore,* 281 F.3d 844 (9th Cir. 2002), is not factually relevant to the instant matter. The *Taylor* court held that a prisoner cannot be prohibited from bringing and prosecuting a civil rights action because of his inability to pay the initial fee. In the instant matter, the Creditor made no attempt to have his obligation to pay the filing fee either excused or extended.