| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Not For Publication |
| In re | : | Chapter 7 |
| MICHAEL ROY BRESSLER, | : | Case No. 06-11897 (AJG) |
| Debtor. | : | |
| STEVEN STRUM, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 07-01703 (AJG) |
| MICHAEL ROY BRESSLER, | : | |
| Defendant. | : | |

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR
STAY OF THE ADVERSARIAL [SIC] PROCEEDING PENDING APPEAL**

Before the Court is Michael Bressler's (the "Debtor") motion, pursuant to Federal Rule of Bankruptcy Procedure 8005, for a stay of the adversary proceeding pending appeal of the Court's Order dated June 18, 2007 (the "Motion for a Stay Pending Appeal") denying the Debtor's Motion to Preclude Steven Strum from Filing a Complaint Under Sections 523 and/or 727 of the Bankruptcy Code (the "Motion to Preclude").

Federal Rule of Bankruptcy Procedure 8005 governs a motion for a stay pending appeal and provides, in relevant part

> A motion for the stay of the … order … of a bankruptcy judge … must ordinarily be presented to the bankruptcy judge in the first instance …. A motion for such relief … may be made to the district court …, but the motion shall show why the relief … was not obtained from the bankruptcy judge. The district court … may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

The Court can grant a stay only if the moving party has satisfied each of the following requirements (i) the appeal has a substantial possibility of success on the merits; (ii) the appellant will suffer irreparable injury if the stay is denied; (iii) no party will suffer substantial injury if the stay is granted; and (iv) the public interest will not be adversely affected by the stay. *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993); *In re Adelphia Communs. Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005); *In re Turner*, 207 B.R. 373, 375 (S.D.N.Y. 1997). The moving party carries a "heavy burden" in that "all four criteria must be satisfied to some extent before a stay is granted." *Adelphia Communs. Corp.*, 333 B.R. at 659 (citations omitted); see also *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 553 (S.D.N.Y. 1996) ("Failure to satisfy any one of these criteria is fatal …").

For the reasons set forth below, the Court finds that the Motion for a Stay Pending Appeal fails to satisfy the criteria of Federal Rule of Bankruptcy Procedure 8005.[1]

> *i. The appeal has a substantial possibility of success on the merits*

The Court notes that this requirement is bifurcated in the instant matter because an interlocutory appeal is involved. Therefore, the Court must first determine whether there is a substantial possibility of success on the merits for the Debtor's motion for leave to file an appeal (the "Motion for Leave to Appeal"), and, if the Court determines such a substantial possibility of success exists, the Court must then determine whether there is a substantial possibility of success on the merits of the appeal.

> *a. Whether a substantial possibility of success exists with respect to the leave to appeal*

---

[1] The Court notes that because it found no merit in the Motion for a Stay Pending Appeal, the Court sought no response from the plaintiff, Steven Strum ("Strum") before issuing its ruling.

"Appeals from non-final bankruptcy court orders may be taken pursuant to section 158(a)(3) of title 28 of the United States Code." *Enron Corp. v. Springfield Assocs., L.L.C.* (*In re Enron Corp.*), 2006 U.S. Dist. LEXIS 63223, at *15 (S.D.N.Y. 2006). In deciding whether to grant leave to appeal, reviewing courts apply the standards of section 1292(b) of title 28 of the United States Code, which governs the appealability of interlocutory district court orders. *Id.* Pursuant to section 1292(b), an interlocutory appeal is permissible only if the order being appealed (1) involves a controlling question of law, (2) over which there is a substantial ground for difference of opinion, and (3) the movant shows that an immediate appeal would materially advance the ultimate termination of the litigation. *Id.* at *16.

In the Second Circuit, interlocutory appeals from bankruptcy courts' decisions are disfavored and thus, this standard is strictly applied. *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 57422, at *1 (S.D.N.Y. May 3, 2006). Furthermore, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances" to overcome the "general aversion to piecemeal litigation" and "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 63223, at *17. Interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' and is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Id.* The decision whether to grant an interlocutory appeal from a bankruptcy court order lies with the district court's discretion. *Id.* (citations omitted) *See, e.g., In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *D.M. Rothman Co., Inc. v. Cohen Marketing Int'l, Inc.*, 2006 U.S. Dist. LEXIS 52073, at *6 (S.D.N.Y. July 27, 2006).

3

The Court notes that although the district court will ultimately decide whether leave to appeal is appropriate, for the purpose of determining whether the Motion for a Stay Pending Appeal will be granted, the Court must, as stated above, evaluate whether a substantial possibility of success exists with respect to the leave to appeal.

With respect to the first prong, "the 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re WorldCom*, 2003 U.S. Dist. LEXIS 11160, at *29 (S.D.N.Y. June 30, 2003). The question must also be "controlling" in the sense that reversal of the bankruptcy court's order would terminate the action, or, at a minimum, that determination of the issue on appeal would materially affect the outcome. *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 63223, at *18. *See In re XO Comm., Inc.*, 2004 U.S. Dist. LEXIS 2879, at *9 (S.D.N.Y. Feb. 26, 2004); *North Fork Bank v. Abelson*, 207 B.R. 382, 389-90 (E.D.N.Y. 1997).

The Debtor argues that a controlling question of law exists as to whether a complaint should be dismissed without prejudiced and precluded from being refiled on the basis that the plaintiff failed to pay the appropriate filing fee at the time of filing, and subsequently paid the filing fee after the statute of limitations had expired. The Court has determined that the order being appealed involves a pure question of law and there are no facts in dispute that would require additional factual determinations in order to decide whether the ruling is correct. Therefore, the first prong weighs in favor of the Debtor.

As to the second prong, the "substantial ground for a difference of opinion" must arise out of a genuine doubt as to whether the Bankruptcy Court applied the correct legal standard. *See In re WorldCom*, 2003 U.S. Dist. LEXIS 11160, at *31 (citations omitted).

The requirement that such a substantial ground exists may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Lloyd's Am. Trust Fund Litig.*, 1997 U.S. Dist. LEXIS 11937, at *13 (S.D.N.Y. Aug. 12, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). However, it is not sufficient that the relevant case law is "less than clear" or allegedly "not in accord" or that there is a "strong disagreement among the parties." *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 63223, at *19 (citations omitted). The mere presence of a disputed issue that is a question of first impression, without more, is insufficient to satisfy this prerequisite. *Id.* The district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is substantial ground for dispute." *Id.*

    The Debtor argues that a substantial ground for a difference of opinion exists because the payment of the filing fee related to an adversary proceeding must be paid upon filing, and the failure to pay the filing fee should result in the dismissal of the complaint. The Debtor cites to the same cases cited to in the Motion to Preclude as the basis for his reasoning that the Court should have exercised its "discretion" in favor of dismissing Strum's complaint and granting the Motion to Preclude. The Debtor argues that those cases mandate dismissal of a complaint for the failure to timely pay filing fees. However, the Court finds that the case law provided by the Debtor is either distinguishable or irrelevant to the instant matter, and fails to show that the Court did not apply the correct legal standard. Furthermore, the Court finds that none of the cases provided by the Debtor stand for the principle of mandatory dismissal of a proceeding based on a failure to pay the

5

filing fee upon filing a complaint, even when there is not factual dispute that the filing fee was paid thereafter.  Therefore, the Court has determined that no substantial ground for a difference of opinion exists as to the legal standard applied by the Court in denying the Motion to Preclude, and thus, the second prong is not satisfied.

Finally, regarding to the third prong, "'[a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or shorten the time required for trial.'" *Transp. Workers Union, Local 100 v. N.Y. City Transit Auth.,* 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).  Courts place particular emphasis on the importance of this last factor.  *In re Enron Corp.*, 2006 U.S. Dist. LEXIS 63223, at *19-20 (citations omitted).

The Debtor argues that if the appeal is granted and the Court's Order dated June 18, 2007 is reversed, the adversary litigation would be terminated, as Strum's complaint would be dismissed.  However, the Court notes that although it did not reach the issue of "relation back" in the denial of the Motion to Preclude, it is likely that Strum will raise the issue of relation back if Debtor's appeal is granted.

Therefore, the Court has determined that a substantial possibility of success with respect to the Debtor's leave to appeal does not exist based on the Debtor's failure to satisfy the second prong of the test for whether leave to appeal should be granted and the uncertainty as to whether the adversary litigation would be terminated if the appeal is granted.

> *b. Whether a substantial possibility of success exists with respect to the appeal*

Although the Court has determined that a substantial possibility of success with respect to the Debtor's leave to appeal does not exist, and thus, the Motion for a Stay Pending Appeal is denied, for the sake of argument and completeness, the Court will still entertain the Debtor's argument that there is a strong likelihood that he will prevail on the merits of the Motion for Leave to Appeal.

The Debtor has failed to provide the Court with any support for the proposition (1) that a complaint timely filed by a plaintiff without paying the filing fee, where the filing fee was subsequently paid, should result in a dismissal because the filing fee was not paid at the time of filing, and (2) that the plaintiff should be precluded from refiling the complaint based on expiration of the statute of limitations. With respect to whether a substantial possibility of success exists with respect to the appeal, the Court finds that the Debtor has failed to show that such a possibility exists.

*ii. The appellant will suffer irreparable injury if the stay is denied*

The Debtor argues that he will suffer irreparable harm if his application for a stay is not granted on the basis of the costs and expenses in both time and money that are involved with the adversarial proceeding.

"In any event, any injury arising from … the delay and cost of litigation [is] legally insufficient to establish irreparable harm." *Hayden v. New York Stock Exch.*, 4 F. Supp. 2d 335, 340 (S.D.N.Y. 1998). *See Miss America Organization v. Mattel, Inc.*, 945 F.2d 536, 545 (2d Cir. 1991) (citing *Petroleum Exploration v. Public Service Comm'n*, 304 U.S. 209, 82 L. Ed. 1294, 58 S. Ct. 834 (1938); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 459 (1938)). Thus, harm or injury arising solely from the costs

7

associated with litigation does not constitute the irreparable injury necessary to warrant the Debtor's request for a stay pending appeal.

Therefore, the Court finds that the Debtor has failed to establish that he will suffer irreparable injury if the stay is denied.

### iii. *No party will suffer substantial injury if the stay is granted*

The Debtor argues that Strum, the plaintiff, would also suffer substantial harm if the stay is not granted because of the substantial costs and expenses in connection with the adversary proceeding. Although the Debtor argues that Strum will suffer substantial harm, the Debtor has no basis or authority to speak on Strum's behalf. Furthermore, as mentioned above, litigation costs alone are insufficient to establish irreparable harm. Therefore, the Court finds that the Debtor has failed to show that Strum will not suffer substantial injury if the stay is granted.

### iv. *The public interest will not be adversely affected by the stay*

The Debtor argues that the public interest is not harmed by granting the stay, but provides no support for this statement. However, since it is unlikely that the public interest is significantly implicated here, the Court finds that the Debtor satisfies this prong of the criteria.

## III. Conclusion

After considering the criteria of Federal Rule of Bankruptcy Procedure 8005, the Court finds that the Debtor has failed to satisfy the burden necessary to warrant a stay of the adversary proceeding, pending his appeal. Further, the Court notes that the Debtor's Motion for a Stay Pending Appeal has not relieved the Debtor of his obligations in the adversary proceeding, namely to file a timely answer.

8

Accordingly, for the reasons set forth herein it is hereby

ORDERED, that the Motion for a Stay Pending Appeal is DENIED.

Dated: New York, New York
July 9, 2007

                                      **s/Arthur J. Gonzalez**
                                      UNITED STATES BANKRUPTCY JUDGE